# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 4:04cr125 |
| | § | (Judge Schneider) |
| DEREK LAMONT WILSON, JR. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on July 13, 2011, to determine whether Defendant violated his supervised release. Defendant was represented by Denise Benson. The Government was represented by Glenn Jackson.

On March 11, 2005, Defendant was sentenced by the Honorable Paul Brown to thirty-seven (37) months' custody followed by three (3) years of supervised release for the offense of Felon in Possession of a Firearm. On September 9, 2010, Defendant's supervised release was revoked and he was sentenced to six (6) months' imprisonment followed by an additional thirty (30) months of supervised release. On February 15, 2011, Defendant completed his new term of supervised release.

On June 21, 2011, the U.S. Probation Officer executed a Petition for Warrant for Offender Under Supervision. The petition asserted that Defendant violated the following mandatory conditions: (1) the defendant shall not commit another federal, state, or local crime; and (2) the defendant shall not unlawfully use a controlled substance. The petition also alleged violations of the following standard conditions: (1) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician; (2) the defendant shall

report to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five days of each month; and (3) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer. The petition also alleged violations of the following special conditions: (1) the defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Officer, until such time as the defendant is released from the program by the probation officer; and (2) the defendant shall pay a $2,000 fine on a monthly basis at a rate of at least ten percent of the defendant's gross income.

The petition alleges that Defendant committed the following acts: (1) On March 15, 2011, Defendant submitted a urine specimen that tested positive for cocaine; (2) On June 3, 2011, Defendant submitted a urine specimen that tested positive for marijuana; (3) Defendant failed to report and submit a urine specimen for testing at Wilson N. Jones Workmed as part of the U.S. Probation Office's random drug testing program on February 28, April 8, 11, 26, May 5, 9, 19, 23, 25, June 6 and 9, 2011; (4) On March 1, 2011, Defendant was instructed by the U.S. Probation Office to report to the Sherman office and submit a urine specimen for testing since he failed to submit a specimen on February 28, 2011. Defendant failed to report as instructed and failed to provide a urine specimen for testing as instructed; (5) On May 24, 2011, the U.S. Probation Office observed Defendant exit a vehicle registered to his girlfriend and enter his residence. The U.S. Probation Office then knocked on the door and rang the door bell of the residence for approximately twenty minutes with no answer; and (6) Defendant has failed to make a single payment toward the fine since being placed on supervision on February 15, 2011. As of the date of the petition, the fine balance was $2,000.

Prior to the Government putting on its case, Defendant entered a plea of true to all of the violations except for the mandatory violation that defendant not commit another federal, state or local crime. The Government moved to dismiss this allegation. The Court recommends that Defendant's supervised release be revoked.

## RECOMMENDATION

The Court recommends that the District Judge revoke Defendant's supervised release. Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight (8) months with no supervised release to follow. Defendant shall still be responsible for his $2,000 fine. It is also recommended that Defendant be housed in the Bureau of Prisons, Seagoville Unit.

After the Court announced the recommended sentence, Defendant executed the consent to revocation of supervised release and waiver of right to be present and speak at sentencing. Defendant and the Government also waived their right to file objections.

**SIGNED this 14th day of July, 2011.**

AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE